## JACOB H. DETRICK, Appellant, *v.* ELI MIGATT *et al.,* Appellees.

### APPEAL FROM SCOTT.

The interest of a posthumous child in real estate will not be divested by a decree against the mother and others, under which a sale was made to satisfy a debt against the relatives and ancestor of such child.

THE land in controversy was patented to Jesse McKee, who died in December, 1838, testate, appointing William McKee his executor, and devising his estate, after payment of debts, to his wife Jane, and his nephew Jerome McKee, with authority to executor, if personalty was not sufficient to pay debts, to sell such of the real estate as he should think most advantageous, to pay debts, and expressing wish that demand in favor of the executor should be paid first. The said Jane and one Sutphin whom she had married on 1st of January, 1848, conveyed to

the said Jerome of Rossville, Ohio, all their right, title and interest of, in and to the land in controversy, and other real estate. On the same day, the said William McKee, as executor, in consideration of said Jerome making his bond at one day's date to pay the said William a balance of $2,400 due to him as executor, conveyed to said Jerome real estate described in the said deed to which reference was made. The said Jerome intermarried with Isabella ———, in Ohio, in fall of 1848— died intestate in April, 1849, in Ohio—and there was born to him by his wife, on the 14th November, 1849, a posthumous son, Jerome McKee, Jr. In this and four other ejectment cases, tried simultaneously with this, Holloway W. Vansyckel, as a witness for the plaintiff, testified that he was acquainted with the lands in controversy in this and other cases many years before November, 1849, when M. McConnel became purchaser of the same under decree of the Circuit Court of Scott county, September term, 1849, at a master's sale in a chancery case, at the suit of the said McConnel and Vansyckel against the said Isabella, William McKee, as executor as aforesid, and one Samuel McKee, brother of Jerome McKee, deceased. That after the death of Jesse McKee, his said executor, up to the said sale, had had possession or control of the real estate of said Jesse, and that the said Isabella and her deceased husband, who resided in Ohio, had never had any possession of said estate, or any part of it; and that the same, from and after the sale in November, 1849, was in the adverse possession of said McConnel, and those claiming under him, up to the time of the institution of this suit in October, 1856—he and they claiming title to the same by virtue of said decree and sale. That William McKee was in possession of lands in July, 1849, and informed the witness, (who had been urging him, as executor of Jesse McKee, to pay witness the claim sued for in the case above referred to,) that he had paid all the debts of said estate, except that due the witness; that Jerome McKee was dead, and that all the property belonged to the estate of Jesse McKee, deceased, and that if he (witness) wanted to get his money he might sue, or prove his claim, as he could, and get his pay if he could out of the property; and under that information, witness, to whom all this claim was due, commenced the aforesaid suit in chancery. Heard that Jerome McKee was at Jacksonville 1st January, 1848. Before July, 1849, heard William McKee say that the estate of Jesse McKee was owing him, and that it was hard scratching to get his own. Witness was never disturbed in his possession by reason of defect of title in property purchased of Jesse McKee. David A. Smith was appointed administrator of Jerome McKee, deceased, by the County Court of Scott, and

obtained order of that court to sell the land in controversy, and other real estate, for payment of debts of deceased. Land in controversy was advertised, sold, and conveyed to the plaintiff, 12th August, 1856. Sale and conveyance reported to and approved by court, September 15th, 1856. And this was all the evidence in behalf of the plaintiff.

The evidence in behalf of the defendants, was : That the said McConnel and Vansyckel sued in chancery to the September term, 1849, of the Circuit Court of Scott county, on a demand against the estate of Jesse McKee, deceased, and prayed a decree against William McKee, as executor of said deceased, to be paid out of the lands of which said Jesse died seized, and in default of payment, so much of the land as might be necessary be sold to pay, etc. Process was personally served upon the executor, and upon other defendants, by publication against them as non-residents. The decree in the case, and deed executed by the master in chancery of Scott county, pursuant to sale under decree, 19th of November, 1849, conveying property to said McConnel, were read in evidence. Also, his deed to John Lee, who conveyed to defendants in this case.

The foregoing, being all the evidence in the case, (the defendants of record stipulated that they were in possession of the premises sued for when suit was brought), the court, WOODSON, Judge, presiding, by consent of parties, tried case, and found issue, and rendered judgment for defendants, to which plaintiff at the time excepted, appealed, etc.

The only error assigned in the case is, that the court below should have found issue and rendered judgment for the plaintiff instead of the defendants.

D. A. SMITH, for Appellant.

KNAPP & CASE, and J. GRIMSHAW, for Appellees.

SKINNER, J. The only question in this case, is whether the interest of Jerome McKee, the posthumous child of Jerome McKee, deceased, by his wife Isabella McKee, was divested by the decree against his mother and Samuel McKee, the brother of Jerome, deceased, and uncle of Jerome, the posthumous child. Our statute provides as follows : " In all cases where any person shall die intestate, leaving real or personal estate in this State, and a child or children, commonly called posthumous children, shall be born unto him after his decease within the usual time prescribed by law, such child or children shall come in for their just proportion of said estate, in all respects as though he, she or they had been born in the lifetime of the intestate."

On the death of Jerome, the father, his interest in the land in question would descend to his wife Isabella and his brother Samuel, provided no child of Jerome, deceased, should thereafter be born.

Such child, Jerome, was, within the ordinary period of gestation and before the execution of the decree, born to him.

We do not question the binding force of judgments and decrees upon parties and privies; but Jerome, the posthumous child, was no party to the proceeding in which the decree was rendered, and, under our statute, does not take the estate under or through any one who was a party to it. There was, therefore, no relation of privity, so far as the estate in controversy is concerned, between Jerome, the posthumous child, and his mother and uncle who were parties to the proceeding and bound by the decree therein. The statute is plain, and places the posthumous child in the same position in regard to the intestate estate of the ancestor, as if he had been born in the lifetime of his ancestor.

By force of the statute, the posthumous child takes directly from the parent, and with the same effect as though he were in being at the death of the parent; and the estate must consequently, during the interval between the death and birth, remain in abeyance. These conclusions are inevitable, giving to the statute, as it is our duty to do, the meaning its language plainly imports. And it necessarily results, that the posthumous child, taking the estate immediately from the parent, the same as if born in the lifetime of such parent, and not having been a party to the proceeding in which the decree was obtained, is not bound by it.

If delays and occasional hardships arise, the remedy is with the law-making power alone.

Decree reversed and cause remanded.

CATON, C. J., dissenting.

*Decree reversed.*